# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**CHERELLE DAVIS,**

and

**OLIVIA DAVIS,**

    Plaintiffs,

v.

**SMITHFIELD FOODS, INC.**

and

**SMITHFIELD FARMLAND CORPORATION,**

    Defendants.

CIVIL ACTION NO.:   2:18cv286

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiffs, Cherelle Davis and Olivia Davis (collectively "Plaintiffs"), state as follows for their Complaint against Smithfield Foods, Inc. ("SFI") and Smithfield Farmland Corporation ("SFC"):

### I. NATURE OF THE CASE

1. This is an action for sexual harassment brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. ("Title VII") and for certain torts under Virginia common law. The Defendants, SFI and SFC, discriminated against the Plaintiffs because of their gender by subjecting them to unlawful sexual harassment. SFI and SFC retaliated against Plaintiffs after they complained of the harassment.

## II.    JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §2000e(5) (jurisdiction over cases filed under Title VII); 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1337 (jurisdiction arising from Congressional regulation of commerce).

3. The employment practices hereafter alleged to be unlawful were committed within the Eastern District of Virginia, and, more specifically, in the City of Smithfield, Virginia. Accordingly, venue in this judicial district is proper.

## III.    PARTIES

4. Cherelle Davis is a resident and citizen of the Commonwealth of Virginia and the United States. She currently maintains her principal residence at 218 Lewis Avenue, Suffolk, Virginia 23434.

5. Olivia Davis is a resident and citizen of the State of North Carolina and the United States. She currently maintains her principal residence at 57 McGlohon Street, Ahoskie, North Carolina 27910.

6. Cherelle Davis and Olivia Davis are not related.

7. SFI is a Virginia corporation and conducts business in Smithfield, Virginia and throughout the United States. It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

8. SFC is a Delaware corporation and conducts business in Smithfield, Virginia and throughout the United States. It maintains its principal place of business at 200 Commerce Street, Smithfield, Virginia 23430.

9. SFC is operated by, and is a wholly owned subsidiary of, SFI. The Defendants have common ownership, an integrated management structure, and their operations and operational plans are intertwined. The corporate purposes of SFC are subsumed within the corporate purposes of SFI; SFC has no corporate purposes which are separate or apart from SFI. The managing officers of SFC ultimately report to, answer to, and effect the business purposes of SFI and did so at all times relevant to this Complaint. The human resources policies and practices of SFI and SFC, as well as the professionals responsible for effecting these policies and practices, are one and the same.

10. At all times relevant to this action, the Plaintiffs were "employees" of SFC and SFI as that term is defined under Title VII (hereinafter the terms "Smithfield" and/or "Defendant(s)" shall, unless otherwise indicated, mean SFI and SFC jointly and severally).

## IV.     ADMINISTRATIVE PREREQUISITES

11. The Plaintiffs have met all administrative prerequisites to filing the Title VII claims in this action, including the filing of a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and bringing this action within 90 days of the receipt of the Notice of Right to Sue that they have received from the EEOC.

## V.     FACTS

12. Each of the Plaintiffs worked for Smithfield on the Kill Floor.

13. Rodney Murphy was each of the Plaintiffs' supervisor. Murphy is a male. The Plaintiffs are each females.

A. **Allegations Common to Both Plaintiffs**

14. Murphy subjected the Plaintiffs to the most extreme acts of sexual harassment during their employment with the Defendants. Murphy's harassment of the Plaintiffs was constant and pervasive.

15. On numerous occasions Murphy spoke graphically about sexual topics, spoke about the Plaintiffs' bodies and made unwelcome advances upon them.

16. Murphy would frequently subject the Plaintiffs to sexual statements, sexual assault and battery, innuendo and advances. The Plaintiffs would sometimes be subjected to this type of conduct by Murphy several times in a day.

B. **Allegations Specific to Each Plaintiff**

17. In addition to the conduct set forth above, the following are merely examples of the unique comments and conduct to which Murphy subjected each of the Plaintiffs separately at least several times per week and sometimes several times per day.

### Cherelle Davis

18. Murphy would make the following statements to Davis and subject her to the following conduct – these are merely examples:

    a) "You're my woman";

    b) "I'm in love with you";

    c) "You need to get with me";

    d) "I'll fire them if they talk to you" (referring to male co-workers); and

    e) "What time am I picking you up?"

19.     Murphy made frequent, unwanted advances upon Davis.  Murphy made frequent comments about her body and appearance and how he was attracted to her.  He frequently asked Davis out.

20.     In mid-April of 1016, Murphy committed a sexual assault and battery upon Davis.  While Davis was at her work station, he came up behind her, put his hands around her waist and drew her tight against his body.  Davis found this frightening and offensive.

21.     After Davis reported Murphy's conduct, she was subjected to various acts of retaliation by her supervisors.  They would assign her unpleasant tasks, hide her tools, give her unsavory work assignments and schedules, and make her wait to go to the bathroom and/or take breaks.

### Olivia Davis

22.     Murphy would make the following statements to Olivia Davis and subject her to the following conduct – these are merely examples:

   a)   Murphy would say to Davis that she has "a fat ass";

   b)   Murphy would say to Davis that "if you sleep with me, I will give you everything";

   c)   Murphy would walk behind Davis looking at her rear-end and commenting and laughing; and

   d)   Murphy would offer to pay Davis to sleep with him.

23.     Murphy made frequent, unwanted advances upon Davis.  He frequently asked her out, attempted to engage her in sexual discussions, and expressed his attraction to her.

C.     **Complaints, Retaliation and Damages**

24.     Murphy's actions have caused both Plaintiffs a great deal of stress, anxiety, mental anguish, and have greatly harmed their quality of life, especially the quality of their professional lives.

25. Both Cherelle Davis and Olivia Davis complained to Smithfield's human resources department, however, nothing was done. Olivia Davis was ultimately fired because she refused to accede to Murphy's advances and because she complained about his conduct. Cherelle Davis was subjected to adverse working conditions in retaliation for her complaints.

26. At all times relevant to this matter, the conduct to which Cherelle Davis and Olivia Davis were subjected was unwelcomed and they asked Murphy to cease his conduct on several occasions.

27. The actions identified in this Complaint were committed willfully, maliciously, and with gross disregard for the well-being of both Cherelle Davis and Olivia Davis. All of the acts set forth in this Complaint were committed by Murphy, a Smithfield employee, who was acting in the course and scope of his employment with Smithfield when he committed these acts. Smithfield negligently retained Murphy in his position despite having actual knowledge of his dangerous propensities.

28. As a direct, actual, and proximate result of the acts described herein, Cherelle Davis and Olivia Davis have suffered significant pecuniary and non-pecuniary damages. Their careers with Smithfield have been significantly harmed and Olivia Davis' career was destroyed. They have suffered significant mental anguish, pain, suffering, emotional distress, loss of sleep, humiliation, and loss of quality of life.

29. Smithfield's conduct in this matter had the effect of materially and adversely altering, in an illegal and discriminatory fashion, the terms and conditions of Cherelle Davis' and Olivia Davis' employment with them.

## COUNT I

*Sexual Harassment in Violation of Title VII*

30. The allegations set forth in paragraphs 1 through 29, above, are incorporated into this Count by reference.

31. This Count is stated on behalf of both Cherelle Davis and Olivia Davis.

32. The conduct to which Murphy subjected Cherelle Davis and Olivia Davis was unwelcomed. Murphy's harassment of Cherelle Davis and Olivia Davis was severe, pervasive, created a hostile working environment, and was sexual in nature. Murphy subjected Cherelle Davis and Olivia Davis to the harassment described herein because of their gender.

33. The conduct to which Cherelle Davis and Olivia Davis were subjected constitutes unlawful sexual harassment.

34. The Defendants' conduct in committing the harassment and/or allowing it to occur was outrageous, intentional, willful, and malicious and committed with reckless indifference to the rights of Cherelle Davis and Olivia Davis. Cherelle Davis and Olivia Davis have suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each Defendant is liable.

## COUNT II

*Retaliation and Wrongful Termination in Violation of Title VII*

35. The allegations set forth in paragraphs 1 through 29, above, are incorporated into this Count by reference.

36. This Count is stated on behalf of both Cherelle Davis and Olivia Davis.

37. After Cherelle Davis complained about the conduct related herein to Smithfield human resources officials, she was subjected to adverse terms and conditions of employment as set forth above. She was subjected to acts of retaliation by Murphy and other supervisors.

38. After Olivia Davis complained about the conduct related herein to her supervisor and Smithfield human resources officials, she was subjected to adverse terms and conditions of employment. Ultimately, Olivia Davis was wrongfully terminated because she refuse to accede to Murphy's advances and because she complained about his conduct and inquired about what was being done about it.

39. The Defendants' conduct constitutes retaliation in violation of Title VII.

40. The Defendants' retaliation against Cherelle Davis and Olivia Davis under these conditions was outrageous, intentional, willful, and malicious and they have suffered significant harm as a result, including significant pecuniary and non-pecuniary damages, for which each of the Defendants is jointly and severally liable.

## COUNT III

*Negligent Retention*

41. The allegations set forth in paragraphs 1 through 29, above, are incorporated into this Count by reference.

42. This Count is stated on behalf of Cherelle Davis.

43. The Defendants wrongfully retained Murphy in his position over which he could abuse his power against Cherelle Davis. Murphy in fact continued to abuse his power long after his offensive conduct had been reported to Smithfield.

44. Smithfield's retention of Murphy in his position under these circumstances constitutes negligent retention. The Defendants' negligent retention of Murphy as set forth

above was outrageous, intentional, willful, and malicious, and Cherelle Davis has suffered significant harm as a result, including physical pain, emotional pain, mental anguish, anxiety, humiliation, loss of quality of life, and other suffering for which each of the Defendants is jointly and severally liable.

**WHEREFORE**, Cherelle Davis and Olivia Davis, for each Count set forth herein unless otherwise indicated, respectfully pray that this Court:

1) Order each Defendant to institute and carry out policies, practices and programs to provide equal employment opportunities to qualified individuals and which eradicate the effects of past and present unlawful employment practices;

2) Order each of the Defendants to make the Plaintiffs whole with appropriate lost earnings, future lost earnings, and compensation for loss of future pensions and benefits in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

3) Order each of the Defendants to make the Plaintiffs whole by providing them with all compensation contemplated under Title VII, the Civil Rights of 1991, 42 U.S.C. §1981a, and under Virginia common law for non-pecuniary losses including, without limitation, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of reputation and loss of quality and enjoyment of life in amounts to be proved at trial, with pre-judgment and post-judgment interest as applicable;

4) Order each of the Defendants to pay the Plaintiffs punitive damages in amounts to be proved at trial and which are sufficient to prevent this conduct in the future, with pre-judgment and post-judgment interest as applicable;

    5)      For Counts I and II, order each of the Defendants to pay the Plaintiffs' reasonable attorney's fees, expert fees and all costs incurred in bringing and prosecuting this action with pre-judgment and post-judgment interest as applicable; and

    6)      Order all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiffs request a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**CHERELLE DAVIS and OLIVIA DAVIS**

By:   */s/ James H. Shoemaker, Jr.*
         Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
F. Alex Coletrane, VSB No. 78381
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
acoletrane@pwhd.com

Cindra M. Dowd, Esq., VSB No. 33819
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
Telephone: 757.233.0009
Facsimile: 757.233.0455
cdowd@serpefirm.com

Dated: May 29, 2018